# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:13CR238 |
| | § | |
| PEDRO MIGUEL ZAMBRANO-PADILLA | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on June 28, 2018, to determine whether Defendant violated his supervised release. Defendant was represented by Denise Benson. The Government was represented by Kenneth McGurk.

Pedro Miguel Zambrano-Padilla was sentenced on August 6, 2014, before The Honorable Marcia A. Crone of the Eastern District of Texas after pleading guilty to the offense of Reentry of a Deported Alien, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 10 and a criminal history category of III, was 10 to 16 months. Pedro Miguel Zambrano-Padilla was subsequently sentenced to 16 months of imprisonment, followed by 3 years of supervised release subject to the standard conditions of release, plus special conditions to include deportation, financial disclosure, substance abuse treatment and testing, and a $100 special assessment. On December 5, 2014, Pedro Miguel Zambrano-Padilla completed his period of imprisonment and began service of the supervision term.

On May 26, 2017, the U.S. Probation Officer executed a Petition for Warrant or Summons

for Offender Under Supervision [Dkt. 34, Sealed], which was filed on June 13, 2017. The Petition asserted that Defendant violated two (2) conditions of supervision, as follows: (1) the defendant shall not commit another federal, state, or local crime; and (2) as a condition of supervised release, immediately upon release from confinement, the defendant shall be surrendered to a duly authorized immigration official for deportation proceedings in accordance with the established procedures provided by the Immigration and Nationality Act, 8 U.S.C. § Section 1101, et. seq. The Court recommends that the defendant be deported. If ordered deported, the defendant shall remain outside of the United States. In the event the defendant is not deported, or for any reason re-enters the country after having been deported, the defendant shall comply with all conditions of supervised release, to include reporting to the nearest U.S. Probation Office within 72 hours of his release by immigration officials or re-entry into the country.

The Petition alleges that Defendant committed the following acts: (1) On January 14, 2017, in Denton County, Texas, the offender committed the offenses of simple assault and failure to identify, both misdemeanors. A warrant has been issued for the offender's arrest for these offenses; and (2) The offender was deported to Mexico on December 18, 2014. He reentered the United States on or before January 14, 2017, as evidenced by his arrest by the Lewisville PD. The offender did not have permission to enter the United States and did not report to the probation office since his reentry into the United States.

Prior to the Government putting on its case, Defendant entered a plea of true to both of the allegations of the Petition. Having considered the Petition and the plea of true to allegations one (1) and two (2) of the Petition, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to

the report and recommendation of this Court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends the Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twelve (12) months plus one (1) day of imprisonment, to be served consecutively to any other term of imprisonment, with no term of supervised release to follow.

The Court also recommends that Defendant be housed in the Bureau of Prisons facility in Fort Worth, Texas, if appropriate.

**SIGNED this 29th day of June, 2018.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE